<div align="right" style="font-size:smaller">O'REILLY<br><i>v.</i><br>OAKEY.</div>

<hr>

## HENDERSON et al. *v.* BLANCHARD.

<div style="font-size:smaller">Where the term of payment of the price of land is uncertain and dependent upon the will and acts of the vendor, the debtor is not in default until notice is given him of the expira-tion of the term ; and interest <i>ex mora</i> can only be recovered from the date of such notice.</div>

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Henderson,* one of the plaintiffs, *pro. se. Cohen,* on the same side. *Du-four,* for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This suit was brought in June, 1847, upon the defendant's written promise to pay the sum of $400, being a part of the price of a tract of land at Pass Christian, sold by *Heirne,* acting as the agent of *Edward Living-*

HENDERSON
v.
BLANCHARD.

*ston.* By the written agreement the defendant declared that he had paid only a portion of the purchase money, to wit, $200 ; and that he was ready and willing to pay the remainder, to wit, $400, "as soon as the said sale will be approved by said *Livingston,* and the title to said property, which is now called in question, shall be found good and valid."

*Livingston,* who then lived in New York, upon being informed by *Heirne* of the sale, wrote a letter to him approving it, in 1836. The title to the land was affirmed by act of Congress in 1842, in favor of the grantee *Pellerin,* under whom *Livingston* held ; and a patent was issued in 1843 in favor of the heirs and assigns of *Pellerin.*

The district judge gave judgment in favor of the plaintiffs, with interest from 1842. From this judgment the defendant has appealed ; and the only particular in which he complains of the judgment, is the allowance of interest from that date. He contends that notice should have been given that the conditions had been complied with, and that interest could only run from the day of such notice. No notice appears to have been given to the defendant of *Livingston's* ratification, anterior to the institution of this suit.

By the contract the defendant's promise was conditional. He was not to pay until *Livingston* approved the act of his agent. A term of payment was, therefore, given, the duration of which was uncertain, and was dependent upon the will and act of the vendor. When a term of payment is given, the interest can only begin to run from the end of that time. Civil Code, 2532. The general rule is that, upon the expiration of that term the debtor must be put *in mora.* Ib. 1932. But this general rule is subject to exception. "When the sum is due for property yielding a revenue (qui produisent des fruits ou revenus) interest is due from the time the principal is payable, without demand." Ib. 1933, 2531. Such being the general rule, and such the exception, can the present case be considered as fairly falling within the exception ?

Exceptions, as they derogate from the general law, should be strictly construed. Where the term is certain, the debtor is guilty of neglect if he does not pay at the expiration of the term. He knows the term, and it is his own fault if he does not pay. But when the term is uncertain, and depends upon the will and act of the creditor, there is no neglect upon the debtor's part until notice be given to him.

It is, therefore, decreed, that the judgment of the District Court be so amended as that the interest run only from the 9th June, 1847 [the day of judicial demand] ; and that so amended it be affirmed, the plaintiffs paying the costs of this appeal.